**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

ANDRE WINGO,

    Plaintiff,

    v.                                                                                Case No. 10-C-433

WALTER LEMON,
TEDI GENTRY,
MARGO NEIMON, and
ROMERO WILSON,

    Defendants.

---

ANDRE WINGO,

    Plaintiff,

    v.                                                                               Case No. 10-C-463

WALTER LEMON and
TEDI GENTRY

    Defendants.

---

## **DECISION AND ORDER**

In May 2010, the plaintiff, who is proceeding pro se, filed two civil rights complaints against the defendants in Milwaukee County Circuit Court, alleging a violation of his rights under the Fourteenth Amendment to the United States Constitution. Subsequently, the defendants removed to the cases to federal court pursuant to 28 U.S.C. §1441.

At a scheduling conference on August 18, 2010, the court discussed a Mack order issued by the court of appeals for this circuit, which found that the plaintiff had acquired three strikes under the Prison Litigation Reform Act, 28 U.S.C. 1915(g). See Support Systems Int'l.

v. Mack, 45 F.3d 185 (7th Cir. 1995). Pursuant to this order, as the court explained, the clerks of all federal courts in this circuit are to return unfiled any papers submitted by or on behalf of the plaintiff until the plaintiff pays all outstanding fees and sanctions in all civil actions he has filed. Excluded from the Mack order are criminal cases or petitions challenging conditions of confinement. The court also stated that the order may be reexamined in two years. See Wingo v. Kluck, Case No. 07-C-69 (7th Cir. August 2, 2007).

The parties were provided an opportunity to outline their positions regarding whether the plaintiff may file motions and other documents in these federal cases. Following completion of the briefing, the court issued a decision and order stating that the plaintiff is permitted to file responses to dispositive motions filed the defendants in these cases, but he would not be permitted to initiate complaints, petitions, or motions unless and until he complies with the appeals court's Mack order.

On October 14, 2010, the Court of Appeals for the Seventh Circuit ordered an appeal in another case filed by Mr. Wingo, Wingo v. Kluck, Appellate Case No. 10-3370.[1] The appeals court stated: "The court has not received notice that Wingo has paid in full all outstanding fees and sanctions, and the filing bar applies to the present appeal." Appellate Court's Oder of October 14, 2010, at 1, attached to the plaintiff's motions to remand in the above-captioned cases.

On November 2, 2010, the plaintiff filed motions to remand the above-captioned cases to Milwaukee County Circuit Court. Previously, in September 2010, the defendants in each case filed motions for summary judgment. The plaintiff's motions to remand will be addressed herein.

---

[1] The appeal was from an Eastern District of Wisconsin case, Case No. 07-1112.

The plaintiff asserts that, pursuant to the order of the Court of Appeals for the Seventh Circuit, the court should remand this case to Milwaukee County Circuit Court because the district court had no authority to even file his cases. He argues that this court is without jurisdiction over his cases and, therefore, they must be remanded back to circuit court.

The plaintiff filed these actions against the defendants, alleging that they violated his constitutional rights. Section 1441(b) of Title 18, United States Code provides in relevant part: Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. The removal statute, 28 U.S.C. 1441(b), gives the defendants an absolute right to remove the case to the appropriate federal district court. See In the Matter of Joseph Skupniewitz, 79 F.3d 702, 705 (7th Cir. 1996). Thus, the defendants' removal of these cases was proper and the plaintiff's motion for remand must be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to remand Case No. 10-C-433 to Milwaukee County Circuit Court be and hereby is **denied**. (Docket # 30).

**IT IS FURTHER ORDERED** that the plaintiff's motion to remand Case No.10-C-463 to Milwaukee County Circuit Court be and hereby is **denied**. (Docket # 31).

Dated at Milwaukee, Wisconsin this 16th day of November, 2010.

BY THE COURT:

   s/ Patricia J. Gorence   
PATRICIA J. GORENCE
United States Magistrate Judge