UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE WINGO,

    Plaintiff,

v.                                                                                               Case No. 10-C-433

WALTER LEMON,
TEDI GENTRY,
MARGO NEIMON and
ROMERO WILSON,

    Defendants.

## **DECISION AND ORDER**

The plaintiff Andre Wingo filed a pro se complaint on May 5, 2010, in Milwaukee County Circuit Court against the defendants, Walter Lemon, Tedi Gentry, Margo Neimon, and Romero Wilson. The defendants are employees at the Thurgood Marshall House, an inpatient treatment center in Milwaukee, Wisconsin, where the plaintiff received care. The plaintiff brings this claim pursuant to 42 U.S.C. § 1983, and asserts that the defendants violated his privacy by revealing the results of a confidential urinalysis test in a proceeding at the Milwaukee Secure Detention Facility on June 7, 2006. The plaintiff is seeking $1,000,000 in compensatory damages and $5,000,000 in punitive damages. The defendants removed the case to this court on May 19, 2010, pursuant to 28 U.S.C. § 1441.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C.

§ 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

On September 10, 2010, the defendants filed a motion for summary judgment. (Docket # 16). The motion has been fully briefed and will be addressed herein.

## **MOTION FOR SUMMARY JUDGMENT**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that under the applicable substantive law "might affect the outcome of the suit." See Anderson, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 248; see also, Celotex Corp., 477 U.S. at 324. Evidence relied upon in a motion for summary judgment must be of a kind that would be admissible at trial. See Waldridge v. American Hoechst Corp., 24 F.3d 918, 921 n.2 (7th Cir. 1994) (citing Gustovich v. AT & T Communications, Inc., 972 F. 2d 845, 849 [7th Cir. 1992]; Fed. R. Civ. P. 56 [e]).

## **RELEVANT BACKGROUND**

The plaintiff filed a prior action in the United States District Court for the Western District of Wisconsin on November 30, 2006, which was assigned case number 06-C-696-S (the prior lawsuit). The complaint in the prior lawsuit was filed against the four defendants named in this present action, along with West Bend Mutual Insurance, Wisconsin Community Services, Inc., and Thurgood Marshall House. This prior lawsuit was concluded on April 13, 2007, when United States District Judge John C. Shabaz granted the motion for summary judgment filed by these defendants.

This court may take judicial notice of the complaint and decision in the prior lawsuit, as they are matters of public record. See Anderson v. Simon, 217 F.3d 472, 474 (7th Cir. 2000). The complaint in the prior lawsuit alleged, among other things, that:

> On June 7, 2006 Lemon with the knowledge and consent of Neimon [and] Gentry came to the Milwaukee Secure Detention Facility and revealed confidential communications and treatment records to a person not authorized by the plaintiff to receive confidential information.
>
> * * *
>
> On June 7, 2006 with the knowledge and consent of Neimon and Gentry, Wilson came to the Milwaukee Secure Detention Facility and revealed confidential communications and treatment records concerning the plaintiff to a person not authorized by the plaintiff to receive confidential information.

(Affidavit of Timothy J. Yanacheck [Yanacheck Affidavit], Exh. A at 4).

The court's April 13, 2007, memorandum and order on the defendants' motion for summary judgment found that:

> Any disclosure of confidential information by Thurgood Marshall House to the Wisconsin DOC at the revocation hearing was allowed by the plaintiff's prior written consents signed on April 13, 2006 and December 13, 2005. The provision of information by defendants Lemon and Wilson at plaintiff's revocation hearing did not violate the confidentiality statute.

(Yanacheck Affidavit, Exh. D at 5). The court granted summary judgment in favor of the defendants and dismissed the action with prejudice.

## ANALYSIS

In moving for summary judgment, the defendants assert that this action is barred by the doctrine of res judicata. Specifically, the defendants contend that the claims in the present lawsuit were either addressed in the prior lawsuit or could have been raised in that lawsuit because they arise out of the same transaction and involve the same defendants.

In response, the plaintiff claims the suits are dissimilar and not barred by res judicata. The plaintiff asserts that the prior lawsuit addressed verification forms whereas the present action addresses a urinalysis treatment record.

A party is generally precluded under the doctrines of collateral estoppel and res judicata from relitigating an issue which has already been decided in a court of competent jurisdiction. The doctrine of res judicata "relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94 (1980). Under res judicata, a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Id; Kirk v. Bd. of Educ. of Bremen Comm. High Sch., 811 F.2d 347, 351 n.7 (7th Cir. 1987). The doctrine of res judicata applies to § 1983 actions with respect to the issues actually litigated, McCurry, 449 U.S. at 101, and also issues which could have been, but were not, litigated in the prior proceedings. Lee v. City of Peoria, 685 F.2d 196, 198-99 (7th Cir. 1982).

"The three requirements for res judicata under federal law are: (1) an identity of the parties; (2) an identity of the causes of actions; and (3) a final judgment on the merits."

- 4 -

Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc., 296 F. 3d 624, 628 (7th Cir. 2002). "[A] subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." Okoro v. Bohman, 164 F.3d 1059, 1062 (7th Cir. 1999). A "judgment that does not resolve the dispute between the litigants and in that sense is not 'on the merits' may nevertheless have a preclusive effect, though it will usually be a more limited effect than that of a judgment on the merits." Id.

The plaintiff does not assert that there was not a final decision on the merits in the prior lawsuit or that there is not an identity of parties in the two suits. Therefore, this court will address only whether there is an identity of the cause of action between the prior lawsuit and the present action.

The plaintiff's contention that the two suits are dissimilar because the prior lawsuit addressed verification forms while the present suit addresses urinalysis records is without merit. Both suits address issues arising out of the same set of facts – the same employees of the Thurgood Marshall House disclosed information about the plaintiff, which he asserts was confidential, at a June 7, 2006, hearing at the Milwaukee Secure Detention Facility. Whether the specific information that was disclosed related to verification forms or urinalysis records does not change that these claims are clearly related. Therefore the present claims should have been raised in the prior lawsuit and are barred from being raised again in this lawsuit. "Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir. 1986). Accordingly, the defendants' motion for summary judgment will be granted.

The defendants have also requested an award of their actual attorney fees and costs pursuant to Fed. R. Civ. P. 11., in order to deter "repetition of the plaintiff's vexatious conduct toward these defendants, their employer, and others who may be future targets." (Defendants' Brief in Support of Summary Judgment at 3). In light of the court's decision, further sanctions will not be awarded at this time.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the Defendants' motion for summary judgment be and hereby is **granted**. (Docket # 16).

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of December, 2010.

                                              BY THE COURT:

                                              s/ Patricia J. Gorence
                                              PATRICIA J. GORENCE
                                              United States Magistrate Judge